## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATALIE RANDOLPH,

**Plaintiff,**

                              **CIVIL ACTION**

**v.**

                              **No. 09-2306-DJW**

QUIKTRIP CORPORATION,

**Defendant.**

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Objections to Plaintiff's Report from Dr. Kahn and Motion to Strike Expert Report of Dr. Kahn (doc. 19). Defendant objects to Dr. Kahn's report because it was untimely served. Defendant also objects to the report on the basis that it contains only a statement of Dr. Kahn's opinion and fails to set forth the other information required of expert witness disclosures under Federal Rule of Civil Procedure 26(a)(2)(B)(ii-vi). For these reasons, Defendant moves to strike the report.[1]

Plaintiff has filed no opposition to the motion. The Court could therefore decide the motion as uncontested and grant it on that basis.[2] Out of an abundance of caution, however, the Court will decide the motion on its merits.

---

[1] Defendant's Motion to Strike is set forth in the same pleading as its objections to Dr. Kahn's report. Defendant's objections are timely in that they were made within eleven days after Plaintiff's January 6, 2010 service of Plaintiff's purported expert report. *See* Scheduling Order (doc. 9), ¶ 2(g). ("The parties shall serve any objections to such disclosures . . . within 11 days after service of the disclosures on them.").

[2] *See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

For the two reasons cited by Defendant, the Court will grant the motion. First, the Court finds the expert report to be untimely. The Scheduling Order in this case required Plaintiff to serve her Rule 26(a)(2) disclosures, including expert reports, by November 16, 2009.[3] Plaintiff, however, did not serve Dr. Kahn's report until January 6, 2010.[4]

Secondly, the Court finds that Dr. Kahn's report lacks a significant amount of information that is required by Rule 26(a)(2)(B). That rule requires an expert witness' report to contain the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.[5]

The only information Dr. Kahn's report contains is a statement of his opinion. It contains none of the information required by subsections (ii-vi). It is therefore incomplete and not in compliance with Rule 26(a)(2)(B).

Plaintiff may contend that Dr. Kahn is a treating doctor rather than a retained expert and that she was therefore not required to serve any disclosures or report for Dr. Kahn. It is true that in certain circumstances a treating physician is not covered by Rule 26(a)(2). This Court has held that

---

[3]*See* Scheduling Order (doc. 9), ¶ 2.g.

[4]A copy of Dr. Kahn's report is attached to Defendant's Objections and Motion to Strike (doc. 19) as Exhibit A . The report, which is a letter from Dr. Kahn addressed to Plaintiff's counsel, is dated January 5, 2010.

[5]Fed. R. Civ. P. 26(a)(2)(A).

disclosures and a report need not be served to the extent the physician will "testify as to causation, diagnosis, prognosis, and other opinions arising out of the treatment" of the plaintiff.[6]  In other words, Rule 26(a)(2) does not apply if the physician's testimony is based upon observations made from personal knowledge and treatment of the plaintiff.[7]  Dr. Kahn's report, however, provides no such information.  His report merely states:

> This letter is in regards to Natalie Randolph.  The average life of a crown is 10-12 years.  However, with proper care, a crown has the potential to last well beyond that time frame.  From an insurance perspective, the average life span of a crown is 5-10 years.[8]

Clearly, the report does not provide opinion based on Dr. Kahn's observation or treatment of Plaintiff nor does it provide any diagnosis or prognosis of Plaintiff's condition.  Rather it provides a general opinion about the life of a tooth crown.  Thus, Dr. Kahn's report does not fall within the "treating physician" exception, and the disclosure and report requirements of Rule 26(a)(2) apply.

For these reasons, the Court will sustain Defendant's objections to Plaintiff's purported expert report of Dr. Kahn and will grant Defendant's motion to strike the report.

---

[6]*Hildebrand v. Sunbeam Prods., Inc*., 396 F. Supp. 2d 1241, 1250 (D. Kan. 2005).

[7]*Davol v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) (treating physician is not an expert from whom report is required if the physician testifies about observations based on personal knowledge, including treatment of the party).

[8]Ex. A, attached to Def.'s Objections and Mot. to Strike (doc. 19).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (doc. 19) is granted. The purported expert report of Michael Kahn, DDS, is hereby stricken, and Dr. Kahn will not be permitted to testify at trial as a retained expert to provide evidence under Federal Rule of Evidence 702, 703, or 705.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 2nd day of February 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties